IN THE 35Th Judicial Circuit Court
For Dunklin County Missouri

Bernard Kirk Barnes
(Plaintiff)

VS

The Social Security Administration
(Defendant)

CASE NO
22DU-CC00079

**FILED**
AUG 15 2022
PAULA S. GARGUS
CIRCUIT CLERK

## Civil Suit For State And Federal Constitutional Violations

TO THE HONORABLE Judge OF SAID COURT:

Comes Now Bernard Kirk Barnes the Plaintiff In The Above styled And Numbered Case Respectfully Files this Above Entitled Civil Suit Pursuant To The 5th, 8th And 14th Amendments To The United States Constitution And In Support Of This Suit The Plaintiff Would Show As Follows

### Jurisdiction

The Plaintiff shows that This Honorable Court has Jurisdiction Over the Matter because The Alledged Constitutional Violations Occurred in Dunklin County, Missouri Therefor This Honorable Court Maintains Jurisdiction Over This Case

### Parties To Suit

Plaintiff: Bernard Barnes 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 1175 Floyd St Kennett Missouri 63857 or 500 N. Walnut St Kennett Missouri 63857

(1)

DEFENDANT: SOCIAL SECURITY ADMINISTRATION 800 South By-Pass Kennett Missouri 63857

22DV-CC00079

FILED AUG 15 2022 PAULA S. GARGUS CIRCUIT CLERK

## STATEMENT OF FACTS

The Plaintiff started his First Job when he was 16 Years old working at (T.P.) Stake House on Austin Highway earning 90 cent per hour upon his First Pay check and upon the very first time the Social Security Administration with held a portain of his Pay for Social Security tax the Plaintiff was never told in order to Recieve the Social Security benfit when he Reached the Age of 65 Years old that he must have Aquired a certain Amount of work points, nor was he apprised of the penelty that he would incurr if he did not Aquear the necessary work points that he would automatically Forfite all the Funds that he had previously paid into the program Through the Plaintiffs life time he was under the false impression that once he Reached the Age of 65 years old that he would automatically be eligable to Recieve the Social Security benfit. Down Through the Years the Plaintiff worked on a number of Jobs, Summer Jobs For SAYNO a Goverment Funded program that help kids in Poverty to buy school clothes For the upcomming school year and as a Young Adult the Plaintiff worked For First Mate Inc, Churches chicken, Then he work as a sanatation worker for the City of San Antonio Texas and shortly there after served in the United States Marine Core, worked A Sambo's, Howard Johnson, Highway 80 Texico And Then Served In The Texas Natual Guard, worked For The Metropolitan Hospital, The Mengie Hotel and worked

(2)

22DU-CC00079

At the Old Federal Depo in Fort Worth Texas for G.S.A. While working for G.S.A the Plaintiff had an accident on the job and has never recovered. The Plaintiff applied for SSI but was denied. Unable to work and unable to draw SSI this indirectly led to the Plaintiffs criminal behavior. When the Plaintiff reach the age of 65 years old for the first time he was told that he was not eligible to recieve the Social Security benfit because he had not aquired enough work credits; which in reality was telling the Plaintiff that he had not paid enough into the program. The Plaintiff contends that if one exam in the program you would find that 90% of the people who do recieve the social security has already superseeded the amount of dollar value that they actually paid into the program. And to denie this Plaintiff is a violation of the 5th, 6th, 8th and 14th amendments to the United States Constitution because it prevent the Plaintiff from seeking life, liberty and the pursuit of happiness. The policy, pratice and or procedure violates the 6th amendment to the United States Constitution because it failed to give the Plaintiff adquate notice as to the points that he must aquire to be eligible for the benfit and it failed to give the Plaintiff adquiat notice that if he did not successfully meet the point requirement then he would automatically forfit all the funds that he had paid into the program.

FILED
AUG 15 2022
PAULA S. GARCIA
CIRCUIT CLERK

## STATEMENT OF CLAIM

It is the Plaintiffs contention that the Social Security Administration intentionally, knowingly, and/or recklessly violated the Plaintiffs 5th, 8th and 14th Amendment Constitutional rights when it knew or should have known that the Plaintiff was entitled to adquiate notice of the fact that to be eligible to recieve the social security benfit when he became 65 years of age that he was required to successfull

(3)

successfully accumulate the amount of points necessary that he would not only be ineligible for the benefit but that he would automatically forfeit all the funds that he had previously paid into the program. The plaintiff contends that this inadequate notice "no notice" violated the Plaintiff's 5th and 14th Amendment Constitutional Rights because it failed to provide the Plaintiff with Due Process of Law and Equal Protection under the Law. The Plaintiff contends that when the Defendant the Social Security Administration informed the Plaintiff that he had not accumulated enough work points to be eligible for the benefit, in reality the Defendant the Social Security Administration was really saying that the Plaintiff had not paid enough funds into the program. However when one examines the millions of people who do receive the Social Security benefit along with Medicaid, 90% of those persons has already superseded the actual dollar amount that they paid into the program. Therefore this police practice and/or procedure violates the Plaintiff's 8th and 14th Amendment Constitutional Rights because not only is it a form of cruel and unusual punishment but it treats this Plaintiff with deliberate indifference. And this policy, practice and/or procedure does not give this Plaintiff Due Process of the Law but it denies the Plaintiff with Equal Protection under the Law.

## Relief

The Plaintiff seeks as relief that this Honorable Court would order the Defendant to provide adequate notice to all those who begin to pay the the Social Security tax that they are expected to successfully acquire a certain amount of points (work points) before they will become eligible to receive the benefit and to notify them that if they do not meet that requirement that they will automatically forfeit all the funds that they have paid into the program. The Plaintiff seeks as relief that this Honorable Court order the Defendant to pay the Plaintiff $100,000 dollars for the failure to give this Plaintiff adequate notice and order the Defendant to immediately grant the Plaintiff Social Security benefits and that the same be

(4)   22DU-CC00079

FILED
AUG 15 2022
PAULA S. GARGUS
CIRCUIT CLERK

Back dated beginning on The Plaintiff 65 birthdate As The Plaintiff was born Oct 11, 1955 And/or Alternatively Order The Defendant To Reimburse The Plaintiff With The Actual dollar Amount That he Paid Into The Program with A 10% Interest

Wherefor Premises Considered The Plaintiff Prays That This Honorable Court would set This Case On The Dockett For A Trial By Jury

            Respectfully Submitted
            Bornell k de Barnes
            Plaintiff

22DV-CC00079

**FILED**
AUG 15 2022
PAULA S. GARGUS
CIRCUIT CLERK

(5)